UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11 Case<br>Bankr. Case No. 22-17842 (PDR)<br>(Jointly Administered) |
| VITAL PHARMACEUTICALS, INC., and JHO INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>Plaintiffs,<br>v.<br><br>ORANGE BANG, INC., and MONSTER ENERGY COMPANY,<br><br>Defendants. | Bankr. Adv. Pro. No. 23-01031 (PDR) |

**EMERGENCY JOINT MOTION OF MONSTER ENERGY COMPANY AND ORANGE BANG, INC. FOR STAY OF ADVERSARY PROCEEDING OR CONTINUANCE OF HEARING ON MOTION FOR SUMMARY JUDGMENT PENDING DECISION ON <u>MOTION TO WITHDRAW REFERENCE AND TRANSFER</u>**
**Emergency Hearing Requested**

<u>Request for Emergency Hearing Per Local Rule 9075-1</u>
**Movants request an emergency hearing on the Motion on March 9, 2023 at 2:00 p.m. An emergency hearing is necessary because Plaintiffs have solicited an expedited resolution of their pending motion for summary judgment, and this Motion requests a stay of the present adversary proceeding based on a pending motion to withdraw the reference and transfer venue. The proper venue for the matter must be adjudicated before any dispositive**

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, EEC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

**motions are taken under advisement.  The proponents of this Motion have made a bona fide effort to resolve the matter without hearing, and Plaintiffs oppose the relief requested**.

Monster Energy Company ("Monster") and Orange Bang, Inc. ("Orange Bang" and together with Monster, the "Movants"), defendants in the above-captioned adversary proceeding (the "Adversary Proceeding") commenced by debtors and plaintiffs Vital Pharmaceuticals, Inc., and JHO Intellectual Property Holdings, LLC ("Plaintiffs" and, together with their affiliated debtors, the "Debtors"), hereby move this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), staying proceedings herein pursuant to Rule 5011(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or, in the alternative, continuing the hearing on Plaintiffs' *Motion for Summary Judgment* [Adv. D.I. 2] (the "SJ Motion") pending a decision by the District Court on Movants' motion to withdraw the reference and transfer the Adversary Proceeding to the Central District of California (the "Motion to Withdraw Reference and Transfer").[2]

The *Debtors' Adversary Complaint for Declaratory Judgment* filed on February 17, 2023 [Adv. D.I. 1] relates to a judgment (the "California Judgment") entered by a federal district court (the "California District Court") adopting a 177-page arbitration award (the "Award"), which was issued after years of fact-intensive litigation in judicial and arbitration proceedings.  Movants' Motion to Withdraw Reference and Transfer posits that (i) withdrawal of the reference is mandatory under 28 U.S.C. § 157(d) because the proceedings will involve substantial and material questions of both title 11 and non-bankruptcy federal law (e.g., the Lanham Act), and (ii) the California District Court is indisputably best suited to apply that law to the painstakingly litigated

---

[2] *Joint Motion of Monster Energy Company and Orange Bang, Inc. for Entry of an Order Pursuant to 28 U.S.C. §§ 157(D) and 1412 and Bankruptcy Rule 5011(a) Withdrawing the Reference and Transferring Venue of Adversary Proceeding to Central District of California*, filed March 7, 2023 [Adv. D.I. 17].

facts and carefully formulated remedies, and to decide those issues as expeditiously and economically as possible.

In an effort to obtain a ruling on the merits in what Movants respectfully submit is an inappropriate venue for this proceeding, the Debtors filed the SJ Motion concurrently with their *Adversary Complaint for Declaratory Judgment* [Adv. D.I. 1] and noticed a hearing for March 29, 2023. **Because a dispositive motion should be considered by the court in which venue is proper, and because it is the District Court, and not the Bankruptcy Court, that must determine which venue is proper, Movants request that this motion be considered on an expedited basis, and that proceedings be stayed until the Motion to Withdraw Reference and Transfer is decided.**

In support of this Motion, Movants respectfully state as follows:

### PRELIMINARY STATEMENT

In this Adversary Proceeding, the Debtors ask the Bankruptcy Court to decide whether they may transfer to a third party their rights and obligations under the California Judgment and Award. Because Plaintiffs' claims would require the Bankruptcy Court to usurp the California District Court's authority over its own judgment—as well as resolve numerous, dispositive issues of federal trademark law—Movants have filed a motion requesting that the District Court (i) withdraw the reference of the Adversary Proceeding to the Bankruptcy Court, and (ii) transfer the Adversary Proceeding to the California District Court. Pending the resolution of the Motion to Withdraw Reference and Transfer, Movants respectfully request the Bankruptcy Court to stay the Adversary Proceeding.

As explained in the Movants' Motion to Withdraw, the Debtors' Adversary Complaint requires consideration of substantial and material issues of both title 11 and non-bankruptcy federal

3

law affecting interstate commerce, thereby requiring withdrawal of the reference under 28 U.S.C. § 157(d). Those issues include:

- Whether the California Judgment and Award create a trademark license. SJ Motion, ¶¶ 21, 66.

- Whether the California Judgment, Award, and federal trademark law "prohibit[] Plaintiffs from transferring their rights [to use the Bang mark]." *Id.* ¶ 62.

- Whether a judicially-imposed compulsory trademark license can be transferred or assigned under federal trademark law. *Id.* ¶¶ 66-69.

- Whether "the general policy reasons for prohibiting non-consensual assignment of trademark licenses" apply here. *Id.* ¶¶ 74-77.

- Whether the Debtors' rights under the California Judgment and Award are property of the bankruptcy estate that may be sold under section 363 of the Bankruptcy Code or assigned without Movants' consent under section 365 of the Bankruptcy Code. *Id*. ¶¶ 3, 41.

Movants respectfully submit that, in these circumstances, the District Court should withdraw the reference of the Adversary Proceeding and transfer the proceeding to the California District Court. *See, e.g.*, *Eli Global, LLC v. Univ. Directories, LLC*, 532 B.R. 249, 252-53 (M.D.N.C. 2015) ("The resolution of Defendant Debtors' trademark infringement claim will require significant consideration of non-Title 11 federal law."); *In re McCrory Corp.*, 160 B.R. 502, 505-07 (S.D.N.Y. 1993) (finding both mandatory and discretionary withdrawal appropriate because "it would be economically and administratively prudent for a district judge, experienced in trademark law, rather than a bankruptcy judge to handle these matters"; transferring the proceedings to another district court).

In this Motion, the Movants seek a stay of the Adversary Proceeding under Bankruptcy Rule 5011, pending the resolution of their Motion to Withdraw Reference and Transfer. The relief sought in this Motion is proper, reasonable and limited. The Debtors will doubtless argue that the delay caused by the withdrawal of the reference will severely prejudice them by delaying the sale

process, and by such delay will trigger a default under the sale timing benchmarks in the order approving its debtor-in-possession financing (the "DIP Financing Order").  But any such problem is self-created by Plaintiffs' delay in filing the Adversary Proceeding, despite knowing for months that they agreed to deadlines in the DIP Financing Order to arrange for the sale of their assets and that Movants would object to the transfer of the right to use the Bang trademark without their consent. There is no legal or factual reason that the timing benchmarks in the DIP Financing Order cannot be extended to permit time for the California District Court to rule.  Regardless, withdrawal of the reference is *mandatory*, and simply as a matter of jurisprudence, the merits of this (or any) case should be decided by the court where venue is proper, which in this case, is the District Court.

Movants do not seek delay.  Indeed, if the Court were to decide only to continue the hearing date on the SJ Motion, rather than to stay this proceeding in its entirety under Bankruptcy Rule 5011, Movants would *not* seek to vacate the briefing schedule on the SJ Motion.  Nor should it be assumed, in any event, that it would require additional time for the California District Court to decide the issues presented, beyond that which this Court would be required to expend if it is required to stand in for the California District Court and parse the dispute the Debtors are attempting to place before it.

## **LEGAL STANDARD**

The legal predicate for the relief sought herein is Bankruptcy Rule 5011(c) as well as the Court's inherent power to manage its own calendar and docket.  *Baker v. Bank of Am., N.A.*, No. 18-cv-81595, 2020 U.S. Dist. LEXIS 256234, at *2-3 (S.D. Fla. July 20, 2020) ("[C]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay.") (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)).

**BACKGROUND**

The facts are set forth in detail in the Motion to Withdraw Reference and Transfer, attached hereto and incorporated herein, which are in turn drawn largely from the Debtors' own Complaint, the SJ Motion, and the *Declaration of Elizabeth A. Morris in Support of Debtors' Motion for Summary Judgment and Incorporated Memorandum of Law* [Adv. D.I. 3].

Before the Debtors instituted the Chapter 11 bankruptcy proceedings, the Movants brought an arbitration against the Debtors for infringing Orange Bang's "Bang" trademarks and breaching a prior settlement agreement concerning those marks. After the Movants prevailed on all claims, the Arbitrator issued a 177-page award (the "Award"), which allows Plaintiffs to use the "Bang" word mark (the "Bang Mark"), as long as they pay a "5% continuing royalty." Plaintiffs may choose to stop paying the royalty, at which time the permanent injunction prohibiting them from using the Bang Mark would automatically take effect. Following issuance of the Award, the California District Court confirmed the Award and entered the California Judgment.

Plaintiffs now seek a declaration from the Bankruptcy Court that they may transfer their rights and obligations under the California Judgment without the Movants' consent. Although Plaintiffs do not (and cannot) dispute that "trademark licenses are not assignable in the absence of express authorization from the licensor," *In re Ajranc Ins. Agency, Inc.*, 2021 WL 2774937, at *2 (Bankr. M.D. Fla. July 2, 2021), they claim that the California Judgment and Award did not actually create a "trademark license." SJ Motion, ¶¶ 66-77. Plaintiffs make a variety of contentions—all based in federal trademark law—to support their claim. *Id*.

Movants filed their Motion to Withdraw Reference and Transfer on March 7, 2023. Movants respectfully submit that federal law and controlling authority require that the automatic reference of a bankruptcy-related proceeding to a bankruptcy court be withdrawn to the district court if the proceeding requires consideration of both title 11 and non-bankruptcy federal law

affecting interstate commerce (28 U.S.C. § 157(d)), and, once withdrawn, venue of the Adversary Proceeding should be transferred to the Central District of California, "in the interests of justice or for the convenience of the parties." 28 U.S.C. § 1412.

The Debtors' own pleadings make the case that (i) the Adversary Proceeding requires substantial consideration of complex issues of both title 11 and trademark law (including Congressional purposes and policies), triggering mandatory withdrawal of the reference, and (ii) cause exists for permissive withdrawal of the reference, inasmuch as the pleadings lay bare that the Adversary Proceeding will require interpretation of the California Judgment and Award issued by the California District Court. It is also manifest that, in the interests of justice and for the convenience of the parties, this matter belongs before the California District Court that entered the California Judgment. The California District Court that digested and put its imprimatur on the 177-page Arbitration Award should be the court to resolve the issues raised in the Adversary Proceeding.

**ARGUMENT**

**I.      A Stay Should Be Granted Under Bankruptcy Rule 5011**

Bankruptcy Rule 5011 provides that while a motion for withdrawal of a case or proceeding does not stay the administration of the case or proceeding, "the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion." Bankruptcy Rule 5011. As explained by the District Court for the Southern District of Florida,

> "The substance of the [m]otion for a stay pending decision on a motion for withdrawal of reference follows the same standards as any motion for stay. A movant must demonstrate: (i) the likelihood of prevailing on the merits, *i.e.*, that the pending motion will be granted; (ii) that movant will suffer irreparable harm if the stay is denied; (iii) that the other party will not be substantially harmed by the stay; and (iv) that the public interest will be served by granting the stay." *Sec. & Exch. Comm'n v. Pension Fund of Am., L.C.*, No. 05-20863-CIV, 2005 U.S. Dist. LEXIS 51405, 2005 WL 8156247, at *2 (S.D. Fla. Nov. 7, 2005).

*NBV Loan Acquisition LLC v. Lexi Dev. Co.*, 2019 U.S. Dist. LEXIS 9139, at *3 (S.D. Fla. Jan. 18, 2019); *see also, e.g., Block v. Lago*, 2021 U.S. Dist. LEXIS 116582, at *4-5 (S.D. Fla. Feb. 5, 2021) (same four factors, citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). "The factors need not be given equal weight or applied rigidly, but rather should be used as guides for the Court to make an individualized judgment in each case." *Pinewood Enters., L.C. v. Williams (In re Living Hope Southwest Med. Servs., LLC)*, 2012 U.S. Dist. LEXIS 3335, at *10-11, *26-27 (W.D. Ark. Jan. 11, 2012). *Accord*, *Interim Healthcare, Inc. v. Interim Healthcare of Se. La., Inc.*, 2020 U.S. Dist. LEXIS 101841, at *24 (S.D. Fla. June 10, 2020) ("A court may enter a stay to promote judicial economy, reduce confusion or prejudice, and prevent possibility of inconsistent resolutions. *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984).

The relevant factors strongly weigh in support of the stay requested here.

***Movants' Likelihood of Prevailing on the Motion to Withdraw Reference and Transfer:*** Movants respectfully submit that their likelihood of prevailing on the Motion to Withdraw the Reference and Transfer is high. As set forth above, withdrawal of the reference is mandatory because the Adversary Proceeding requires substantial and material consideration of title 11 and non-bankruptcy federal law affecting interstate commerce, *i.e.*, the California Judgment and Award and federal trademark law. Once the reference is withdrawn, the likelihood is also high that the District Court will transfer the Adversary Proceeding to the California District Court under 28 U.S.C. § 1412. That is the Court where this Adversary Proceeding belongs because that is the court that issued the California Judgment. The factors of judicial economy and expedition, uniformity of judicial findings and judgments, and prevention of forum shopping by the Debtors each strongly favor transfer of the Adversary Proceeding.

Numerous courts have found that suits involving trademark, licensing and other intellectual property legal issues satisfy the requirements for mandatory withdrawal of the reference. *See, e.g., In re McCrory Corp.*, 160 B.R. 502, 505 (S.D.N.Y. 1993) (finding mandatory and discretionary withdrawal appropriate because "it would be economically and administratively prudent for a district judge, experienced in trademark law, rather than a bankruptcy judge to handle these matters"; transferring adversary proceeding from New York to the court in Central District of California handling a preexisting trademark suit); *In re National Gypsum Co.*, 145 B.R. 539, 542 (N.D. Tex. 1992) (ordering mandatory withdrawal of reference of proof of claim / objection filings involving, *inter alia*, patent legal issues that would entail material and substantial consideration of non-bankruptcy federal law); *In re Singer Co., N.V.*, 2002 U.S. Dist. LEXIS 17069, at *8-9 (S.D.N.Y. Feb. 20, 2002) (holding that "whether an accused product infringes a patent requires significant and material consideration of patent law" and thus withdrawal of reference was mandatory; stating, "All of the complaint's related bankruptcy law issues that follow depend upon whether a court finds that the Singer plaintiffs indeed have a property interest in the 330 patent. Thus, the patent law issues are central to the complaint."); *Eli Global, LLC v. Univ. Directories, LLC*, 532 B.R. 249 (M.D. N.C. 2015) ("The resolution of Defendant Debtors' trademark infringement claim will require significant consideration of non-Title 11 federal law, satisfying § 157(d). [footnote omitted] If left with the bankruptcy court, the complaint's trademark infringement claim will require that court to determine the validity and scope of alleged marks under the Lanham Act . . . . Resolution of this claim will thus require significant consideration, interpretation, and application of the Lanham Act." (numerous citations omitted)); *In re Electro-Mechanical Indus.*, 2008 Bankr. LEXIS 5177, at *9 (Bankr. S.D. Tex. Feb. 20, 2008) (determination of a patent's validity and infringement falls under mandatory withdrawal provision

9

of section 157(d); "This is not simply a straightforward application of federal law to the facts. The validity of the patent is disputed as a matter of law.").

*Irreparable Harm to Movants:* Movants stand to suffer irreparable harm if a stay is denied, as it would permit the Debtors, after years of wrongful trademark infringement, to forum-shop away from the court that entered the California Judgment, which assessed damages of hundreds of millions of dollars and awarded permanent injunctive relief.

*No Substantial Harm to the Debtors:* The Debtors will not be substantially harmed by the requested stay. The threat of any delay in the progress of the Debtors' chapter 11 case, including the Debtors' sale process, from the limited stay of the Adversary Proceeding is speculative, and is of the Debtors' own making. The Debtors delayed in commencing the Adversary Proceeding, despite knowing for months that Movants would object to transfer of the right to use the Bang trademark without their consent. There is no legal or factual reason that the timing benchmarks in the DIP Financing Order cannot be extended to permit time for the California District Court to rule. Moreover, withdrawal of the reference is *mandatory*, and simply as a matter of jurisprudence, the merits of this (or any) case should be decided by the court in which venue is proper, and that decision is presently before the District Court.

*A Stay Serves the Public Interest:* Finally, staying the case will serve the public interest because it will deter piecemeal litigation, prevent inconsistent rulings, and conserve judicial resources. *See HMT, Inc. v. Bell BCI Co.*, 2007 WL 295328, at *1-2 (W.D.N.Y. Jan. 30, 2007) ("[J]udicial economy and the public interest will be served by granting the stay since the issues surrounding this action may be significantly narrowed as a result of the conclusion of the [out-of-district] litigation," which "is in its final stages.").

## II.    <u>In the Alternative, the Court Should Continue the Summary Judgment Hearing</u>

If the Court does not stay the Adversary Proceeding in its entirety, it may avoid rendering a decision on the merits in a case over which venue may not be proper simply by exercising its discretion to continue the hearing on the SJ Motion pending a decision by the District Court on the Motion to Withdraw Reference and Transfer.  It is axiomatic that a court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Block v. Lago*, No. 21-60244-CIV-SINGHAL, 2021 U.S. Dist. LEXIS 116582, at *4-5 (S.D. Fla. Feb. 5, 2021) (quoting *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997), and citing *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)).

Continuing the hearing does not rise to the level of a "stay" in any event:  even if the hearing date on the SJ Motion is continued, as it should be, Movants do not object to adhering to the present briefing schedule, so that the matter is fully briefed for whichever court is determined to properly have venue over the Adversary Proceeding.

### **BANKR. S.D. FLA. LOCAL RULE 9075-1(B) CERTIFICATION**

Movants have conferred with both the Debtors and the Official Committee of Unsecured Creditors (a statutory representative of the Debtors' Estates) in a good faith effort to consensually resolve the issues raised in the motion.  However, as of the date of this motion, the Debtors have advised the Movants that they oppose the relief requested by Movants and the Committee has yet to provide its legal position as to the relief requested in this Motion.  Accordingly, Movants seek that this Court adjudicate the relief requested in this Motion on an expedited basis for the reasons cited herein.

**WHEREFORE**, Monster Energy Company and Orange Bang, Inc. respectfully request that the Court enter an Order: (i) staying the Adversary Proceeding until final adjudication of the *Joint Motion of Monster Energy Company and Orange Bang, Inc. for Entry of an Order Pursuant*

to 28 U.S.C. §§ 157(d) and 1412 and Bankruptcy Rule 5011(a) Withdrawing the Reference and Transferring Venue of Adversary Proceeding to Central District of California, or alternatively continuing the hearing on the Plaintiffs' summary judgment motion pending a decision by the District Court on the aforementioned Motion to Withdraw Reference and Transfer, and (ii) granting all other and further relief as the Court may deem just and proper.

Dated: March 7, 2023					**AKERMAN LLP**

							*/s/ Michael I. Goldberg*
							Michael I. Goldberg, Esq.
							Florida Bar No. 886602
							Eyal Berge, Esq.
							Florida Bar No. 11069
							201 East Las Olas Boulevard, Suite 1800
							Fort Lauderdale, FL 33301
							T: (954) 463-2700 /F: (954) 463-2224
							michael.goldberg@akerman.com
							eyal.berger@akerman.com


							-and-


							**PACHULSKI STANG ZIEHL & JONES LLP**[3]
							Richard M. Pachulski (pro hac vice)
							Ira D. Kharasch (pro hac vice)
							Robert J. Feinstein (pro hac vice)
							Teddy M. Kapur (pro hac vice)
							Steven W. Golden (pro hac vice)
							10100 Santa Monica Blvd., 13th Floor
							Los Angeles, CA 90067-4003
							T: (310) 277-6910 /F: (310) 201-0760
							rpachulski@pszjlaw.com
							ikharasch@pszjlaw.com
							rfeinstein@pszjlaw.com
							tkapur@pszjlaw.com
							sgolden@pszjlaw.com

							*Counsel to Monster Energy Company*

							***AND***

---

[3] Michael I. Goldberg hereby certifies that the undersigned attorneys are appearing *pro hac vice* in this matter pursuant to court orders dated as follows: (i) Teddy M. Kapur, October 14, 2022 [ECF 103]; (ii) Robert J. Feinstein, October 17, 2022 [ECF 133]; (iii) Steven Golden, October 17, 2022 [ECF No. 134]; (iv) Richard M. Pachulski, October 18, 2022 [ECF 158] ; and (v) Ira D. Kharasch, October 18, 2022 [ECF 159].

**FENDER, BOLLING AND PAIVA, P.A.**

*/s/ G. Steven Fender*
G. Steven Fender, Esq.
Fla. Bar No. 060992
P.O. Box 1545
Ft. Lauderdale, FL 33302
T: (407) 810-2458
steven.fender@fender-law.com

-and-

**KTBS LAW LLP[4]**
Thomas E. Patterson, Esq. (pro hac vice)
Nir Maoz (pro hac vice)
1801 Century Park East
Twenty Sixth Floor
Los Angeles, CA 90067
T: (310) 407-4000
F: (310) 407-9090
tpatterson@ktbslaw.com
nmaoz@ktbslaw.com

*Counsel to Orange Bang, Inc.*

---

[4] G. Steven Fender hereby certifies that the undersigned attorneys are appearing pro hac vice in this matter pursuant to court orders dated as follows: (i) Thomas E. Patterson, November 8, 2022 [ECF 269]; (ii) Nir Maoz, November 8, 2022 [ECF 270].

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 7, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

*/s/ Michael I. Goldberg*

## **EXHIBIT A**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| IN RE:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>Debtors. | Chapter 11 Case<br>Bankr. Case No. 22-17842 (PDR)<br>(Jointly Administered) |
| VITAL PHARMACEUTICALS, INC., and JHO INTELLECTUAL PROPERTY HOLDINGS, LLC,<br><br>Plaintiffs,<br>v.<br><br>ORANGE BANG, INC., and MONSTER ENERGY COMPANY,<br>Defendants. | Bankr. Adv. Pro. No. 23-01031 (PDR) |

**ORDER GRANTING EMERGENCY JOINT MOTION OF MONSTER ENERGY COMPANY AND ORANGE BANG, INC. FOR STAY OF ADVERSARY PROCEEDING OR CONTINUANCE OF HEARING ON MOTION FOR SUMMARY JUDGMENT <u>PENDING DECISION ON MOTION TO WITHDRAW REFERENCE AND TRANSFER</u>**

THIS MATTER came before the Court for a hearing on March 9, 2023 at 2:00 p.m. on the *Emergency Joint Motion of Monster Energy Company and Orange Bang, Inc. for Stay of Adversary Proceeding or Continuance of Hearing on Motion for Summary Judgment Pending Decision on Motion to Withdraw Reference and Transfer* (ECF No. ___) (the "Motion"). The Court, having reviewed the Motion and the related *Joint Motion of Monster Energy Company and Orange Bang, Inc. for Entry of an Order Pursuant to 28 U.S.C. §§ 157(d) and 1412 and Bankruptcy Rule 5011(a) Withdrawing the Reference and Transferring Venue of Adversary Proceeding to Central District of California* (ECF No. 17) (the "Motion to Withdraw Reference and Transfer"), having heard argument of the parties, and being otherwise fully advised in the premises, does hereby **ORDER** that:

1. The Motion is **GRANTED**.

2. This adversary proceeding is **STAYED** pending the final adjudication of the Motion to Withdraw Reference and Transfer.

# # #

Submitted by:

Michael I. Goldberg, Esq.
Florida Bar No.: 886602
Email: michael.goldberg@akerman.com
AKERMAN LLP
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301-2999
T: (954) 463-2700 /F: (954) 463-2224

*Attorney Goldberg is directed to serve a conformed copy of this order on all interested parties.*

2