**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>    Debtors. | Case No. 22-17842-PDR<br>(Jointly Administered)<br><br>Chapter 11 |
| VITAL PHARMACEUTICALS, INC. and<br>JHO INTELLECTUAL PROPERTY<br>HOLDINGS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>ORANGE BANG, INC., and<br>MONSTER ENERGY COMPANY,<br><br>    Defendants. | Adv. Pro. Case No. 23-01031-PDR |

**DEFENDANTS' NOTICE OF PENDING, REFILED, RELATED OR
SIMILAR ACTIONS**

Defendants Orange Bang, Inc. ("Orange Bang") and Monster Energy Company ("Monster" and together with Orange Bang, "Defendants"), by and through undersigned counsel, and pursuant to Local Rule 3.8 of the United States District Court for the Southern District of Florida, hereby file this Notice of Pending, Refiled, Related or Similar Actions, and state as follows:

The adversary proceeding brought by Vital Pharmaceuticals, Inc. ("VPX") and JHO Intellectual Property Holdings, LLC ("JHO" and together with VPX, "Plaintiffs") concerns a judgment (the "Judgment") entered in favor of Orange Bang and Monster and against VPX and JHO on September 29, 2022 by the Hon. Dale S. Fischer, U.S. District Judge for the Central District of California, in *Vital Pharmaceuticals, Inc., et al. v. Orange Bang, Inc., et al.*, Case

No. 5:20-cv-01464. The Judgment was entered after an arbitrator issued a final arbitration award (the "Final Award") on April 4, 2022 in *Orange Bang, Inc., et al. v. Vital Pharmaceuticals, Inc.*, AAA Case No. 01-20-0005-6081, finding VPX and JHO liable for, among other things, trademark infringement and breach of contract concerning VPX and JHO's use of the "Bang" word mark.

This proceeding is one of several actions between the parties relating to trademark issues and the parties' respective trademark rights, including four actions that are or were pending in this District. Defendants file this Notice to apprise the Court of the status of each of the related actions.

I. **Pending, refiled, related or similar actions in this District**

- *Vital Pharmaceuticals, Inc. v. Monster Beverage Corp., Monster Energy Co., Reign Beverage Co., et al.*, No. 0:19-cv-61974-CMA (S.D. Fla. filed Aug. 7, 2019)

    o In August 2019, VPX sued Monster, its parent company, one of its subsidiaries, and several other defendants, alleging, among other things, that Monster is a "trademark bully" that abuses "the judicial process to chill legitimate business competition and stamp out any [competing] product[s]." (ECF No. 104 ¶¶ 72-73.) VPX further asserted that Monster had committed trademark and trade dress infringement against VPX. (*Id.* ¶¶ 72, 92-101.) Before any Rule 12 motions were heard, on July 1, 2020, Judge Altonaga administratively closed the case because VPX failed to meet Judge Altonaga's deadlines for certain jurisdictional discovery. (ECF No. 99, 149.) On February 24, 2023, VPX filed a motion to reopen the action and to file an amended complaint. (ECF No. 160.)

- *Vital Pharmaceuticals, Inc. v. Monster Energy Co. & Reign Beverage Co.*, No. 0:19-cv-60809-RKA (S.D. Fla. filed Mar. 28, 2019)

    o In March 2019, VPX sued Monster alleging that Monster's REIGN energy drink violated VPX's trademark and trade dress rights. Following a nine-day

bench trial, Judge Roy K. Altman entered final judgment in favor of Monster and against VPX. *See Vital Pharms., Inc. v. Monster Energy Co.*, 553 F. Supp. 3d 1180, 1194 (S.D. Fla. 2021) (Altman, J.). On August 3, 2022, the Eleventh Circuit affirmed the judgment. *See Vital Pharms, Inc. v. Monster Energy Co.*, 2022 WL 3083273, *2 (11th Cir. Aug. 3, 2022).

- *Vital Pharmaceuticals, Inc. v. Monster Energy Co. & Reign Beverage Co.*, No. 0:20-cv-61757-RKA (transferred to S.D. Fla. Aug. 27, 2020)

  o In June 2020, "[a]fter several unfavorable rulings" in the first REIGN case before Judge Altman, VPX filed an "identical trade dress [case]" in the Central District of California related to REIGN Inferno – "a different (yet similarly-designed) [Monster] brand." *Vital Pharms., Inc. v. Monster Energy Co.*, 2020 WL 6162796, at *3 (C.D. Cal. Aug. 27, 2020). Finding that "the interests of justice strongly weigh[ed] in favor of transfer," Judge Bernal transferred the case to Judge Altman. *Id.* at *4. On December 9, 2022, after a status conference in which Judge Altman observed that VPX's claims were likely barred by res judicata and collateral estoppel, the parties stipulated to dismiss the case with prejudice, and the Court entered the stipulation. (ECF No. 83.)

- *Vital Pharmaceuticals, Inc. v. Monster Beverage Corp., Monster Energy Co. & Rodney C. Sacks*, No. 0:22-cv-61621-RKA (filed Aug. 31, 2022)

  o In August 2022, VPX filed yet another lawsuit in this District against Monster and its parent company, repeating the same allegations VPX made in the 2019 lawsuit currently pending before Judge Altonaga. (ECF No. 1 ¶ 2.) The case was assigned to Judge Altman. After Monster filed a motion to dismiss and a Rule 11 motion for sanctions, including on the ground that VPX's claims are

- 3 -

barred by the doctrine against claim-splitting, VPX sought to reopen and file an amended complaint in the 2019 action before Judge Altonaga. Judge Altman stayed the case on January 24, 2023, pending VPX's request to reopen the 2019 action. (ECF No. 54.)

## II.     Pending, refiled, related or similar actions in other forums

- *Vital Pharmaceuticals, Inc. v. Orange Bang, Inc. & Monster Energy Co.*, No. 5:20-cv-1464-DSF-SHK (C.D. Cal. filed July 23, 2020), *on appeal*, Nos. 22-55722 & 22-56019 (9th Cir.), *confirming Orange Bang, Inc. & Monster Energy Co. v. Vital Pharmaceuticals, Inc.*, AAA Case No. 01-20-0005-6081 (filed June 16, 2020)

    o  In June 2020, Monster and co-claimant Orange Bang initiated an arbitration against VPX for, among other things, trademark infringement and breach of contract. (AP ECF No. 3-3.) VPX contested arbitration and filed counterclaims in the Central District of California, alleging that Monster was pursuing meritless trademark claims on Orange Bang's behalf to "stifle fair competition in the energy drink market." (ECF No. 1 ¶¶ 73-76.) After Judge Fischer compelled arbitration, Orange Bang and Monster prevailed on all of their claims against VPX, and VPX's counterclaims for unfair competition were rejected. (*See* AP ECF No. 3-2 (arbitration award).) The arbitrator awarded Orange Bang and Monster $175 million in damages against VPX, an ongoing 5% royalty on VPX's future sales of Bang beverages, and nearly $10 million in costs and attorney's fees. (*Id.*) The District Court confirmed the award on June 30, 2022 and entered judgment on September 29, 2022. (AP ECF No. 3-5 (confirmation), 3-6 (judgment).) VPX has appealed the District Court's confirmation order (No. 22-55722) and judgment (No. 22-56019) to the Ninth Circuit.

- *Monster Energy Co. v. Vital Pharmaceuticals, Inc.*, No. 5:18-cv-1882 (C.D. Cal., filed Sept. 4, 2018)

  - In September 2018, Monster sued VPX and its CEO Jack Owoc in the Central District of California for false advertising relating to Bang energy drink and misleading claims that VPX made about Monster. Among other things, Monster alleged that VPX falsely advertised that its energy drink Bang contains so-called "Super Creatine" when, in fact, Super Creatine is not creatine and does not provide the benefits of creatine. (*See generally* ECF No. 61.) Monster further alleged that VPX and Mr. Owoc engaged in false advertising by making untruthful and disparaging statements that Monster's energy drinks do not provide energy and instead cause sugar crashes. (*Id.* ¶¶ 85, 149.) In September 2022, a jury awarded Monster a $293 million verdict against VPX and Mr. Owoc. (*See* ECF No. 890, Verdict Form at 2–5.) In siding with Monster, the jury found that VPX and Mr. Owoc had willfully engaged in systematic corporate misconduct, including falsely advertising that Bang contains "Super Creatine," tortiously interfering with Monster's contracts, and misappropriating Monster's trade secrets. (*Id.*)

III. **Various actions before the USPTO/TTAB, including the following:**

- Opposition Action No. 91280148 involving Orange Bang, Inc. and Entourage IP Holdings, LLC, regarding adverse mark BANG POPS, Application Number 90/736550

- Opposition Action No. 91280156 involving and, regarding adverse mark, Application Number

- Opposition Action No.  involving Orange Bang, Inc. and Entourage IP Holdings, LLC,

regarding adverse mark bang, Application Number 90/736179

- Opposition Action No. 91282577 involving Orange Bang, Inc. and Entourage IP Holdings, LLC, regarding adverse mark BANG, Application Number 90/674547

- Opposition Action No. 91282570 involving Orange Bang, Inc. and Entourage IP Holdings, LLC, regarding adverse mark BANG HARD SELTZER, Application Number 90/805895

- Opposition Action No. 91278531 involving Orange Bang, Inc. and Entourage IP Holdings, LLC, regarding adverse mark BANG, Application Number 90/736091

- Opposition Action No. 91276776 involving Orange Bang, Inc. and Entourage IP Holdings, LLC, regarding adverse mark iBang, Application Number 90/696881

- Opposition Action No. 91276652 involving Orange Bang, Inc. and Entourage IP Holdings, LLC, regarding adverse mark BANG, Application Number 90/104169

- Opposition Action No. 91283036 involving Orange Bang, Inc. and JHO Intellectual Property Holdings, LLC, regarding adverse mark MYBANG, Application Number 97/241626

Dated: March 9, 2023

        **AKERMAN LLP**

        */s/ Michael I. Goldberg*
        Michael I. Goldberg, Esq.
        Florida Bar No. 886602
        Eyal Berger, Esq.
        Florida Bar No. 11069
        201 East Las Olas Boulevard, Suite 1800
        Fort Lauderdale, FL 33301
        T: (954) 463-2700 / F: (954) 463-2224
        michael.goldberg@akerman.com
        eyal.berger@akerman.com

        -and-

        **PACHULSKI STANG ZIEHL & JONES LLP**[1]
        Richard M. Pachulski (*pro hac vice*)
        Ira D. Kharasch (*pro hac vice*)
        Robert J. Feinstein (*pro hac vice*)
        Teddy M. Kapur (*pro hac vice*)
        Steven W. Golden (*pro hac vice*)
        10100 Santa Monica Blvd., 13th Floor
        Los Angeles, CA 90067-4003
        T: (310) 277-6910 / F: (310) 201-0760
        rpachulski@pszjlaw.com
        ikharasch@pszjlaw.com
        rfeinstein@pszjlaw.com
        tkapur@pszjlaw.com
        sgolden@pszjlaw.com

        *Counsel to Monster Energy Company*

---

[1] Michael I. Goldberg hereby certifies that the undersigned attorneys are appearing *pro hac vice* in this matter pursuant to court orders dated as follows: (i) Teddy M. Kapur, October 14, 2022 [ECF 103]; (ii) Robert J. Feinstein, October 17, 2022 [ECF 133]; (iii) Steven Golden, October 17, 2022 [ECF No. 134]; (iv) Richard M. Pachulski, October 18, 2022 [ECF 158]; and (v) Ira D. Kharasch, October 18, 2022 [ECF 159].

69080590;1
69172375;1

**FENDER, BOLLING AND PAIVA, P.A.**

*/s/ G. Steven Fender*
G. Steven Fender, Esq.
Florida Bar No. 060992
P.O. Box 1545
Ft. Lauderdale, FL 33302
T: (407) 810-2458
steven.fender@fender-law.com

-and-

**KTBS LAW LLP**[2]
Thomas E. Patterson, Esq. (*pro hac vice*)
Nir Maoz (*pro hac vice*)
1801 Century Park East
Twenty Sixth Floor
Los Angeles, CA 90067
T: (310) 407-4000 / F: (310) 407-9090
tpatterson@ktbslaw.com
nmaoz@ktbslaw.com

*Counsel to Orange Bang, Inc.*

---

[2] G. Steven Fender hereby certifies that the undersigned attorneys are appearing pro hac vice in this matter pursuant to court orders dated as follows: (i) Thomas E. Patterson, November 8, 2022 [ECF 269]; (ii) Nir Maoz, November 8, 2022 [ECF 270].

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 9, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

*/s/ Michael I. Goldberg*

69080590;1
69172375;1