UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:

VITAL PHARMACEUTICALS, INC., *et al.*,

Debtors.[1]

Chapter 11 Case
Bankr. Case No. 22-17842 (PDR)
(Jointly Administered)

---

VITAL PHARMACEUTICALS, INC., and
JHO INTELLECTUAL PROPERTY
HOLDINGS, LLC,

Plaintiffs,

v.

ORANGE BANG, INC., and MONSTER
ENERGY COMPANY,

Defendants.

Bankr. Adv. Pro. No. 23-01031 (PDR)

**REPLY TO PLAINTIFFS' OPPOSITION TO EMERGENCY JOINT MOTION OF
MONSTER ENERGY COMPANY AND ORANGE BANG, INC. FOR STAY OF
ADVERSARY PROCEEDING OR CONTINUANCE OF HEARING ON MOTION FOR
SUMMARY JUDGMENT PENDING DECISION ON MOTION TO WITHDRAW
<u>REFERENCE AND TRANSFER</u>**

Monster Energy Company ("<u>Monster</u>") and Orange Bang, Inc. ("<u>Orange Bang</u>" and

together with Monster, the "<u>Movants</u>"), defendants in the above-captioned adversary proceeding

(the "<u>Adversary Proceeding</u>") commenced by debtors and plaintiffs Vital Pharmaceuticals, Inc.,

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, EEC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

and JHO Intellectual Property Holdings, LLC ("Plaintiffs" and, together with their affiliated debtors, the "Debtors"), reply as follows to Plaintiffs' Opposition to the *Emergency Joint Motion of Monster Energy Company and Orange Bang, Inc. for Stay of Adversary Proceeding or Continuance of Hearing on Motion for Summary Judgment Pending Decision on Motion to Withdraw Reference and Transfer* (the "Motion"), and respectfully represent as follows:

## PRELIMINARY STATEMENT

Defendants have a statutory right to seek and, they submit, compel mandatory abstention in respect of the Adversary Proceeding, because it involves substantial and material consideration of non-bankruptcy federal law (trademark issues under the Lanham Act), and bankruptcy law. The statute directs that the District Court make this decision. Only modest relief is needed to preserve that statutory right and give the District Court a meaningful opportunity to consider that request without requiring the District Court to resort to emergency treatment to act to protect its jurisdiction. A fairly short postponement of the hearing on the SJ Motion, now scheduled for March 29, 2023, will allow the process to play out in the manner intended by Congress. Defendants propose the hearing be continued until only April 24, 2023, with a status conference on or about April 14, 2023 concerning the status and impact of any action by the District Court and whether there should be any further extension of the hearing date.

There is no countervailing substantial harm to Plaintiffs from such relief, *particularly* since Defendants completed their opposition to the SJ Motion subsequent to the filing of this Motion, and thus all that is now required is a continuance of the hearing on the SJ Motion. Plaintiffs are deliberately vague about any adverse impact of a such continuance upon the sale, because in fact: (a) even under the present schedule, their stalking horse bid will *already* be selected (March 24) before the SJ Motion is heard (March 29), and thus the stalking horse bid must accommodate uncertainty concerning the transferability of the trademark license; and (b) there is no reason

2

competing bidders cannot do likewise and, furthermore, their bids are not due until April 24, by which time the Motion to Withdraw and Transfer should be decided.

Defendants are likely to prevail on their Motion to Withdraw Reference and Transfer. There is no getting around the fact that the Judgment and Award created a trademark license (the Award expressly refers to the remedy provided as a "license").  For that reason, the SJ Motion involves not only interpreting a district court's judgment, but also substantial and material consideration of trademark law.  Plaintiffs cast this relief as unlikely only by referring to the remedy as the "Continuing Fee Election," a "fee regime" or a "continuing fee," phrases that appear nowhere in the actual Award.  Plaintiffs also frame the issues in a manner that assumes their desired conclusion, claiming for instance that res judicata eliminates the need to consider trademark law because any purchaser will be in privity with Plaintiffs.  But Plaintiffs' argument assumes the conclusion that that the license may be validly assigned in the first instance.  If the license may not be validly assigned, then privity does not attach.  Regardless, all of these issues require substantial and material consideration of non-bankruptcy law.

The postponement of the hearing date on the SJ Motion requested by Defendants is reasonable, limited, and intended to permit the process on a motion to withdraw the reference to be carried out consistent with the statutory scheme, so as not to deprive Defendants of their rights thereunder.

## CONTINUING THE HEARING DATE IS NOT A "STAY WITH EXTRA BENEFITS"

District courts decide whether to withdraw the reference, a decision that should not be preempted by a bankruptcy court jumping ahead to decide a dispositive motion filed the same day as the complaint.  All that need be done at this time to ensure that the Court and the District Court remain in their jurisprudential lanes is for the hearing on the SJ Motion to be continued, and courts

3

have inherent authority to manage their calendar and docket.  *Baker v. Bank of Am., N.A*., No. 18-cv-81595, 2020 U.S. Dist. LEXIS 256234, at *2-3 (S.D. Fla. July 20, 2020).

The short postponement of the hearing date on the SJ Motion will not delay the conclusion of briefing on the SJ Motion, because Defendants completed their opposition brief subsequent to filing this Motion.  Plaintiffs are left to argue that a continuance amounts to a "stay with extra benefits" because they agreed to shorten their time to file their Reply to only five days, yet Defendants would have more time after Plaintiffs' filing of their Reply to "consider and prepare" for the hearing on the SJ Motion.  Opp. at 11.  If the SJ Motion hearing date is postponed, Plaintiffs do not have to file their Reply early.  In fact, they could have additional time, until March 29, 2023, to file their Reply.  This eliminates their complaint (even if there were any substance to their argument that affording Defendants more time to prepare for a summary judgment hearing is meaningful prejudice).  Thus, there should be no procedural objection to a continuance, which is the neatest way to coordinate what this Court and the District Court should be doing with respect to the decisions on mandatory abstention and venue.

## THE RELEVANT FACTORS SUPPORT GRANTING A STAY

Even if the relief is construed as a stay, it is well supported by the balance of all relevant factors, if not by every one of them.

### *Movants' Likelihood of Prevailing on the Motion to Withdraw Reference and Transfer:*

Withdrawal of the bankruptcy reference is mandatory where the bankruptcy proceeding involves "substantial and material question of both title 11 and non-bankruptcy code federal law." *In re Astro Tel, Inc*., 2011 WL 4551571, at *2 (M.D. Fla. Sept. 30, 2011).  Even if not mandatory, it may still be ordered "for cause."  *See* 28 U.S.C. § 157(d).

It is virtually indisputable that the Adversary Proceeding involves substantial and material questions of trademark and bankruptcy law, and requires this Court to rule on matters litigated in

4

and decided in the California proceedings.  Among many other issues, it involves whether the remedy cannot be a license (as Plaintiffs' claim despite the Award's express use of that term) because it would be a "naked license" due to the alleged lack of quality control rights, whether "licensee estoppel" applies, and the policy reasons behind the rule of non-assignability, all of which (a) involve very substantial issues of trademark law, and (b) would immerse this Court deep into the facts and remedies arduously litigated and formulated in the California litigation. Defendants' opposition to summary judgment describes in detail the litigation on such issues.

Plaintiffs' proffered reasons that they are likely to prevail on withdrawal of the reference are remarkably weak.

*First* Plaintiffs submit that no consideration of trademark law will be required at all, because it will be decided on the basis of res judicata, regardless of whether the Judgment or Award created a trademark license.  Opp. at 6.  This argument transparently assumes its conclusion.  As Defendants explain further in their Opposition to Plaintiffs' SJ Motion, res judicata does not preclude Defendants from contesting any transfer of Plaintiffs' rights in the Bang Trademark *precisely because* the Judgment and Award created a license, which are not assignable as a matter of trademark law.  (MSJ Opp. at 35-36.)  Accordingly, disposing of Plaintiffs' contentions would necessarily require the Court to interpret the Judgment and Award, as well as consider substantial issues of trademark law.  Plaintiffs simply wish away the issue that the binding Judgment created a trademark license, by definition requiring the application of trademark law to such license and its transferability.

*Second*, Plaintiffs argue that the trademark license cannot be an executory contract, and so assignability under section 365 will not be an issue, because the license was created by the Judgment and Award and not by contract.  Plaintiffs conclude without any citation to authority

that the rights described in the Judgment and Award as a license and a royalty are instead merely "a right or option" that is "estate property … subject to sale like any other estate property…." Opp. at 7. But Plaintiffs' authorities are inapposite, for among other reasons that they do not involve trademark licenses and because the Award and Judgment actually incorporated an *agreement of the parties* on the terms of the license. *See, e.g., In re Columbia Gas Systems, Inc.,* 50 F.3d 233, 237-38 (3d Cir. 1995) (explicitly overruling the bankruptcy court's determination that judicial orders cannot be considered contracts and analyzing a judicial order that incorporated a consensual agreement as a contract for purposes of section 365). Moreover, it is not section 365 but *trademark law* that makes a trademark license non-transferable without consent,[2] and thus non-transferable under either section 365 or section 363. Plaintiffs' argument actually reinforces what is already manifest: the SJ Motion requires substantial and material consideration of non-bankruptcy federal law.

*Third*, Plaintiffs contend that the application of law to the facts is "simple" so a motion to withdraw the reference should not be well taken. As an initial matter, this ignores the permissive withdrawal request in the motion. But in any event, the application of trademark law is anything but simple here: the law of assignability of judicially created trademark licenses, as just an example, is a complex issue of trademark law. Regardless, as the parties' briefs on the SJ Motion make clear, the issues of non-bankruptcy law in the Adversary Proceedings are anything but "simple." Instead, such issues are "substantial and material," and their "resolution . . . is essential to dispute. *In re Astro Tel, Inc.,* 2011 WL 4551571, at *2 (M.D. Fla. Sept. 30, 2011). Not only do such issues involve consideration of, among other things, that the Judgment and Award created a license under federal trademark law, but also require the interpretation of the Judgment and

---

[2] *See, e.g., In re Ajranc Ins. Agency, Inc.,* 2021 WL 2774937, at *2 (Bankr. M.D. Fla. July 2, 2021).

Award itself—which, as explained in Defendants' Motion to Withdraw Reference and Transfer, requires mandatory withdrawal and transfer of the Adversary Proceeding to the California District Court that entered the Judgment.  *See* Mot. to Withdraw at 12-13.

 *Finally*, Plaintiffs argue that their argument that a trademark license would nonetheless be transferable under the circumstances is a matter of bankruptcy law, based on policy considerations, and does not involve substantial and material consideration of non-bankruptcy law.   Opp. at 8.  But the argument is frivolous: in fact, it is difficult to conceive of a more substantial and material consideration of trademark law than an analysis balancing the policy reasons underlying this universal rule against assignment of trademark licenses against the policy reasons that Plaintiffs contend support transferability in the bankruptcy context.

 ***Irreparable Harm to Movants:***  Congress created a right to seek mandatory withdrawal of the reference on conditions that Defendants contend colorably (at bare minimum) exist here. They stand to be deprived of that right if this Court rules on the SJ Motion before the Motion to Withdraw and Transfer is heard and decided.  Only modest relief is needed to avoid the loss of that right, and "several courts have held that absence of justification for violation of clear statutory rights virtually    eliminates the    necessity   of    showing irreparable    harm." *Time Warner Cable v. Freedom Elecs*., 897 F. Supp. 1454, 1460 (S.D. Fla. 1995).

 ***No Substantial Harm to the Debtors:***   Conversely, Plaintiffs claim they will be substantially harmed if they are unable to gain certainty as expeditiously as possible on whether the trademark license rights are transferable.  "Without that certainty, or with any delay in getting the same, potential bidders may decide not to bid, or may reduce their bids, or make their bids contingent."  Opp. at 10.  But this vague claim does not withstand scrutiny.  Under the present schedule, the Debtors have until March 24, 2023 to identify a stalking horse bidder.  The hearing

on the SJ Motion is presently set for March 29, 2023, meaning that the stalking horse bid will necessarily be formulated in a state of uncertainty over the transferability of the trademark license rights. Other bidders can do likewise. Furthermore, the final bid deadline is not until April 24, 2023. Whether the reference is withdrawn and the Adversary Proceeding transferred should be decided by that date. Again, Defendants propose that the SJ Motion hearing be continued to April 24, 2023, with a status conference set for on or about April 14, 2023. Such limited relief offers no basis for the dire pronouncement that "granting a stay casts meaningful doubt on the Debtors' ability to conclude a sale. . . ." Opp. at 10.

*A Stay Serves the Public Interest:* Plaintiffs contend that the public interest will not be served, because the "Debtors will be unable to move forward until multiple new and unnecessary litigations are resolved: litigation over withdrawal, litigation over venue transfer, and litigation of the summary judgment motion itself in front of a court that is arguably less familiar with the relevant issues than this Court." Opp. at 11. But these are rights created by Congress for what Defendants contend is precisely this situation. What Plaintiffs are advocating is that this Court deprive Defendants of the ability to exercise those rights by ruling on a dispositive motion filed concurrent with the complaint in a proceeding that may not properly be before this Court in the first place, before the court that was designated by Congress to decide whether it belongs in this Court is able to make that decision. Such chicanery cannot be said to be in the public interest. Moreover, simultaneously with its motion to withdraw the reference, Defendants filed a motion to transfer to the California District Court, the court that compelled the parties to arbitration and entered Judgment. Thus, contrary to Plaintiffs' contention that Defendants are trying to move this dispute to a distant court unfamiliar with the issues, withdrawal and transfer will facilitate having

69383103;1

the relevant issues decided by the court that is indisputably most familiar with the dispute between the parties, the Award, and the Judgment.

**WHEREFORE**, Monster Energy Company and Orange Bang, Inc. respectfully request that the Court enter an Order: (i) continuing the hearing date on the SJ Motion to April 24, 2023; (ii) setting a status conference for April 14, 2023; and (iii) granting such other and further relief as the Court deems just and proper.

69383103;1

Dated:  March 20, 2023

**AKERMAN LLP**

*/s/ Michael I. Goldberg*
Michael I. Goldberg
Florida Bar No. 886602
Eyal Berger
Florida Bar No. 11069
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
T: (954) 463-2700 /F: (954) 463-2224
michael.goldberg@akerman.com
eyal.berger@akerman.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**[3]
Richard M. Pachulski (pro hac vice)
Ira D. Kharasch (pro hac vice)
Robert J. Feinstein (pro hac vice)
Teddy M. Kapur (pro hac vice)
Steven W. Golden (pro hac vice)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
T: (310) 277-6910 /F: (310) 201-0760
rpachulski@pszjlaw.com
ikharasch@pszjlaw.com
rfeinstein@pszjlaw.com
tkapur@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to Monster Energy Company*

***AND***

---

[3] Michael I. Goldberg hereby certifies that the undersigned attorneys are appearing *pro hac vice* in this matter pursuant to court orders in the main case, Case No. 22-17842-PDR, dated as follows: (i) Teddy M. Kapur, October 14, 2022 [ECF 103]; (ii) Robert J. Feinstein, October 17, 2022  [ECF 133]; (iii) Steven Golden, October 17, 2022 [ECF No. 134]; (iv) Richard M. Pachulski, October 18, 2022 [ECF 158] ; and (v) Ira D. Kharasch, October 18, 2022 [ECF 159].

69383103;1

**FENDER, BOLLING AND PAIVA, P.A.**

*/s/ G. Steven Fender*
G. Steven Fender, Esq.
Fla. Bar No. 060992
P.O. Box 1545
Ft. Lauderdale, FL 33302
T: (407) 810-2458
steven.fender@fender-law.com

-and-

**KTBS LAW LLP**[4]
Thomas E. Patterson, Esq. (pro hac vice)
Nir Maoz (pro hac vice)
1801 Century Park East
Twenty Sixth Floor
Los Angeles, CA 90067
T: (310) 407-4000
F: (310) 407-9090
tpatterson@ktbslaw.com
nmaoz@ktbslaw.com

*Counsel to Orange Bang, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the forgoing was served via

CM/ECF Notice of Electronic Filings to all parties registered to receive electronic noticing in

this case on March 20, 2023.

By: *s/ Michael I. Goldberg*
        Michael I. Goldberg

---

[4] G. Steven Fender hereby certifies that the undersigned attorneys are appearing pro hac vice in this matter pursuant to court orders in the main case, Case No. 22-17842-PDR, dated as follows: (i) Thomas E. Patterson, November 8, 2022 [ECF 269]; (ii) Nir Maoz, November 8, 2022 [ECF 270].

69383103;1