**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

|  |  |
|---|---|
| IN RE:<br><br>VITAL PHARMACEUTICALS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11 Case<br>Bankr. Case No. 22-17842 (PDR)<br>(Jointly Administered)<br><br>**(JURY TRIAL DEMANDED)** |
| VITAL PHARMACEUTICALS, INC., and<br>JHO INTELLECTUAL PROPERTY<br>HOLDINGS, LLC,<br><br>                  Plaintiffs,<br>v.<br><br>ORANGE BANG, INC., and MONSTER<br>ENERGY COMPANY,<br>                  Defendants. | Bankr. Adv. Pro. No 23-01031 (PDR) |

## JOINT ANSWER OF ORANGE BANG, INC. AND
## MONSTER ENERGY COMPANY TO ADVERSARY COMPLAINT

Orange Bang, Inc. ("Orange Bang") and Monster Energy Company ("Monster")

(collectively, "Defendants") hereby answer Vital Pharmaceuticals, Inc. ("VPX") and JHO

Intellectual Property Holdings, LLC's ("JHO") (collectively, "Plaintiffs) Adversary Complaint

("Complaint") as follows:

---

[1] The address of the Debtors is 1600 N. Park Drive, Weston, FL 33326. The last four digits of the Debtors' federal tax identification numbers are: (i) Vital Pharmaceuticals, Inc. (8430); (ii) Bang Energy Canada. Inc. (5454); (iii) JHO Intellectual Property Holdings, LLC (0010); (iv) JHO Real Estate Investment, LLC (9394); (v) Quash Seltzer, LLC (6501); (vi) Rainbow Unicom Bev LLC (2254); and (vii) Vital Pharmaceuticals International Sales, Inc. (8019).

## ANSWER

## GENERAL RESPONSES

Except as expressly admitted herein, Defendants deny any and all material allegations in the Complaint. Defendants generally and specifically deny each and every, all and singular, conjunctively and disjunctively, material allegation contained in said Complaint, and each and every part thereof, and each and every cause of action thereto. Defendants also object to the Bankruptcy Court's exercise of jurisdiction and venue and to the Bankruptcy Court's entry of a final order or judgment. Defendants incorporate by reference their Joint Motion for Withdrawal of Reference, Dkt. No. 17.

The numbered paragraphs of Defendants' Specific Responses correspond to the paragraphs as numbered in the Complaint. To the extent paragraphs in the Complaint are grouped under headings, Defendants responds generally that such headings and groupings are conclusions of law or fact and denies each and every such allegation made or implied by such headings or groupings. Defendants also deny that Plaintiffs are entitled to the relief sought in the Complaint's Prayer for Relief.

## SPECIFIC RESPONSES

1.      Defendants admit that the Debtors have commenced a sale process in the bankruptcy proceedings. Defendants further admit that Plaintiffs are obligated to pay Defendants a "5% Continuing Royalty" pursuant to the Final Arbitration Award – Phase 1 and Phase 2 (the "Award") entered in the arbitration captioned as *Orange Bang, Inc. and Monster Energy Co. v. Vital Pharmaceuticals, Inc.*, AAA Case No. 01-20-0005-6081 (the "Arbitration"). The United States District Court for the Central District of California (the "California District Court")

confirmed the Award and entered final judgment ("Final Judgment").  Defendants otherwise deny the allegations in paragraph 1.

2.      Paragraph 2 states a legal conclusion as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 2.

3.      Paragraph 3 states a legal conclusion as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 3.

4.      Paragraph 4 states a legal conclusion as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 4.

5.      Paragraph 5 states a legal conclusion as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 5.

6.      Paragraph 6 states a legal conclusion as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 6.

7.      Paragraph 7 states a legal conclusion as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 7.

8.      Paragraph 8 states a legal conclusion as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 8.

9.      Defendants admit the allegations in paragraph 9.

10.      Defendants admit the allegations in paragraph 10.

11.      Defendants admit the allegations in paragraph 11.

12.      Defendants admit the allegations in paragraph 12.

13.      Defendants admit that Orange Bang and VPX both sell beverages called "Bang." Defendants further admit that, in 2009, Orange Bang commenced an action against VPX in the California District Court (the "2009 Action") in which Orange Bang alleged that VPX's use of the

word Bang infringed Orange Bang's Bang trademarks (the "Bang Trademark"). Defendants otherwise deny the allegations in paragraph 13.

14.      Defendants admit that on or about August 11, 2010, Orange Bang and VPX entered into a settlement agreement resolving the 2009 Action (the "2010 Settlement Agreement"). Paragraph 14 refers to or describes portions of the 2010 Settlement Agreement, and Defendants state that the 2010 Settlement Agreement speaks for itself and deny Plaintiffs' characterization of the 2010 Settlement Agreement to the extent that it incorrectly characterizes the 2010 Settlement Agreement, misstates its applicability to this case, or takes any portions out of context. Defendants respectfully refer the Court to the 2010 Settlement Agreement for its precise content and language.

15.      Paragraph 15 refers to or describes portions of the 2010 Settlement Agreement, and Defendants state that the 2010 Settlement Agreement speaks for itself and deny Plaintiffs' characterization of the 2010 Settlement Agreement to the extent that it incorrectly characterizes the 2010 Settlement Agreement, misstates its applicability to this case, or takes any portions out of context. Defendants respectfully refer the Court to the 2010 Settlement Agreement for its precise content and language.

16.      Paragraph 16 refers to or describes portions of the 2010 Settlement Agreement and the Award, and Defendants state that the 2010 Settlement Agreement and the Award speaks for themselves and deny Plaintiffs' characterization of the 2010 Settlement Agreement to the extent that it incorrectly characterizes the 2010 Settlement Agreement, misstates its applicability to this case, or takes any portions out of context. Defendants respectfully refer the Court to the 2010 Settlement Agreement and the Award for its precise content and language.

17.      Defendants deny the allegations in paragraph 17.

69426993;1

18.     Defendants admit that they served a joint demand for arbitration upon VPX on or about June 16, 2020, where Monster, as partial assignee of the 2010 Settlement Agreement, and Orange Bang asserted claims for breach of contract and Orange Bang asserted a trademark infringement claim, among other claims.  Defendants further admit that Plaintiffs use of the "Bang" name on their energy drink and other products violated the 2010 Settlement Agreement and infringed the Bang Trademark.  Defendants deny the remaining allegations in paragraph 18.

19.     Defendants admit that the Arbitration final hearing took place via Zoom from October 4 to October 14, 2021. Paragraph 19 refers to or describes portions of the Award and Defendants' motion to confirm the Award (the "Motion to Confirm"), and Defendants state that the Award and Motion to Confirm speak for themselves and deny Plaintiffs' characterization of the Award and Motion to Confirm to the extent that it incorrectly characterizes the Award and Motion to Confirm, misstates their applicability to this case, or takes any portions out of context. Defendants respectfully refer the Court to the Award and Motion to Confirm for their precise content and language.  Defendants deny the remaining allegations in paragraph 19.

20.     Defendants admit the allegations in paragraph 20.

21.     Paragraph 21 refers to or describes portions of the Award, and Defendants state that the Award speaks for itself and deny Plaintiffs' characterization of the Award to the extent that it incorrectly characterizes the Award, misstates its applicability to this case, or takes any portions out of context.  Defendants respectfully refer the Court to the Award for its precise content and language.

22.     Paragraph 22 refers to or describes portions of the Award, and Defendants state that the Award speaks for itself and deny Plaintiffs' characterization of the Award to the extent that it incorrectly characterizes the Award, misstates its applicability to this case, or takes any portions

69426993;1

out of context.  Defendants respectfully refer the Court to the Award for its precise content and language.

23.      Paragraph 23 refers to or describes portions of the Award, and Defendants state that the Award speaks for itself and deny Plaintiffs' characterization of the Award to the extent that it incorrectly characterizes the Award, misstates its applicability to this case, or takes any portions out of context.  Defendants respectfully refer the Court to the Award for its precise content and language.

24.      Paragraph 24 refers to or describes portions of the Award, and Defendants state that the Award speaks for itself and deny Plaintiffs' characterization of the Award to the extent that it incorrectly characterizes the Award, misstates its applicability to this case, or takes any portions out of context.  Defendants respectfully refer the Court to the Award for its precise content and language.

25.      Paragraph 25 refers to or describes portions of the Award, and Defendants state that the Award speaks for itself and deny Plaintiffs' characterization of the Award to the extent that it incorrectly characterizes the Award, misstates its applicability to this case, or takes any portions out of context.  Defendants respectfully refer the Court to the Award for its precise content and language.

26.      Defendants deny the allegations in paragraph 26.

27.      Paragraph 27 refers to or describes portions of the Award, and Defendants state that the Award speaks for itself and deny Plaintiffs' characterization of the Award to the extent that it incorrectly characterizes the Award, misstates its applicability to this case, or takes any portions out of context.  Defendants respectfully refer the Court to the Award for its precise content and language.

28.      Defendants admit that, on or about April 6, 2022, they filed the Motion to Confirm in the California District Court and that the California District Court subsequently confirmed the Award.  Plaintiffs' remaining allegations refer to or describe portions of the 2010 Settlement Agreement, and Defendants state that the 2010 Settlement Agreement speaks for itself and deny Plaintiffs' characterization of the 2010 Settlement Agreement to the extent that it incorrectly characterizes the 2010 Settlement Agreement, misstates its applicability to this case, or takes any portions out of context.  Defendants respectfully refer the Court to the 2010 Settlement Agreement for its precise content and language.

29.      Paragraph 29 states a legal conclusion as to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph 29.

30.      Paragraph 30 refers to or describes portions of the Motion to Confirm, and Defendants state that the Motion to Confirm speaks for itself and deny Plaintiffs' characterization of the Motion to Confirm to the extent that it incorrectly characterizes the Motion to Confirm, misstates its applicability to this case, or takes any portions out of context.  Defendants respectfully refer the Court to the Motion to Confirm for its precise content and language.

31.      Defendants admit the allegations in paragraph 31.

32.      Defendants admit that Plaintiffs have appealed the Judgment.  Defendants deny the remaining allegations in paragraph 32.

33.      Defendants admit the allegations in paragraph 33.

34.      Defendants admit the allegations in paragraph 34.

35.      Defendants admit the allegations in paragraph 35.

36.      Paragraph 36 refers to or describes portions of the Final DIP Order, and Defendants state that the Final DIP Order speaks for itself and deny Plaintiffs' characterization of the Final DIP

Order to the extent that it incorrectly characterizes the Final DIP Order, misstates its applicability to this case, or takes any portions out of context.  Defendants respectfully refer the Court to the Final DIP Order for its precise content and language.

37.     Defendants admit that the Debtors filed the Bid Procedures Motion on January 27, 2023.  Defendants further admit that the Court held a hearing on February 23, 2023, and the Court subsequently issued an Order (I) Approving Bidding Procedures, (II) Authorizing the Debtors to Provide Bid Protections, and (III) Granting Related Relief (Dkt. No. 854).

38.     Defendants admit that the Debtors are seeking authority to sell all or substantially all of their assets and that Bang-branded products are the Debtors' best-selling products.  Defendants deny or lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 38 and on that basis deny them.

39.     Defendants admit that the Bid Procedures Motion initially sought to establish March 13, 2023 as the deadline for the Debtors to seek approval of a stalking horse bid and April 11, 2023 as the deadline for interested parties to submit bids.  Defendants deny the remaining allegations in paragraph 39.

40.     Paragraph 40 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 40.

41.     Defendants incorporate by reference their answers to the allegations in paragraphs 1 to 39 as if set forth in full herein.

42.     Paragraph 42 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 42.

43.     Paragraph 43 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 43.

44.       Defendants admit the District Court confirmed the Award and entered Judgment. Defendants otherwise deny the allegations in paragraph 44.

45.       Paragraph 45 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 45.

46.       Paragraph 46 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 46.

47.       Paragraph 47 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 47.

48.       Paragraph 48 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 48.

49.       Defendants incorporate by reference their answers to the allegations in paragraphs 1 to 39 as if set forth in full herein.

50.       Paragraph 50 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 50.

51.       Paragraph 51 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 51.

52.       Defendants admit that the District Court confirmed the Award and entered Judgment.  Defendants otherwise deny the allegations in paragraph 52.

53.       Paragraph 53 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 53.

54.       Paragraph 54 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 54.

69426993;1

55.     The first sentence of paragraph 55 refers to or describes portions of the Award, and Defendants state that the Award speaks for itself and deny Plaintiffs' characterization of the Award to the extent that it incorrectly characterizes the Award, misstates its applicability to this case, or takes any portions out of context.  Defendants respectfully refer the Court to the Award for its precise content and language.  The remainder of paragraph 55 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 55.

56.     Paragraph 56 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 56.

57.     Paragraph 57 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Paragraph 61 states a legal conclusion as to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in paragraph 61.

## II.     RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief sought and deny that Plaintiffs are entitled to any relief whatsoever.  Defendants pray that the Court enter judgment in its favor and further award any relief to which Defendants may be entitled.

## III.     DEFENSES

Defendants expressly incorporates all allegations in its Answer as is if fully set forth in each of the following Defenses.

Without admitting any wrongful conduct on the part of Defendants, and without admitting that Plaintiffs have suffered any loss, damage, or injury, Defendants allege the following Defenses to the Complaint.  By designating the following as Defenses, Defendants do not in any way waive or limit any defenses which are or may be raised by the denial, allegations, or averments set forth herein.  Certain Defenses are asserted for completeness and refer to facts and proof which also negate required elements of Plaintiffs' claims, and by raising such Defenses, Defendants do not admit that Plaintiffs do not have the burden of proof and/or the burden of persuasion for any or all facts underlying any of those Defenses or suggest that Plaintiffs are not required to carry the burden as to such elements.

These Defenses are pleaded in the alternative, are raised to preserve the rights of Defendants to assert such Defenses and are without prejudice to Defendants' ability to raise other and further Defenses.

This statement of defenses is based on Defendants' investigation to date, and Defendants reserve the right to supplement or amend these Defenses during the course of this litigation, and to amend its Answer accordingly.

## FIRST DEFENSE

### (CLAIM PRECLUSION)

1.      Plaintiffs' claims are precluded, in whole or in part, by the doctrine of claim preclusion.

**SECOND DEFENSE**

(ISSUE PRECLUSION)

2.        Plaintiffs are collaterally estopped from relitigating issues decided in the Arbitration, including whether the Award and Final Judgment created a trademark license between Plaintiffs and Defendants.

**THIRD DEFENSE**

(LICENSEE ESTOPPEL)

3.        Plaintiffs' claims are barred by the licensee estoppel doctrine.

**FOURTH DEFENSE**

(UNCLEAN HANDS)

4.        Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## IV.    PRAYER FOR JUDGMENT AND REQUEST FOR A JURY TRIAL

WHEREFORE, Defendants request a jury trial and pray for judgment as follows:

1. That Plaintiffs' request for declaratory relief be denied;

2. That judgment be entered in favor of Defendants;

3. That Defendants be awarded such other and further relief as the Court may deem just and proper.

69426993;1

Dated: March 23, 2023

**AKERMAN LLP**
*/s/ Michael I. Goldberg*
Michael I. Goldberg, Esq.[2]
Florida Bar No. 886602
Eyal Berger, Esq.
Florida Bar No. 11069
201 East Las Olas Boulevard, Suite 1800
Fort Lauderdale, FL 33301
T: (954) 463-2700 /F: (954) 463-2224
michael.goldberg@akerman.com
eyal.berger@akerman.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**
Richard M. Pachulski (pro hac vice)
Ira D. Kharasch (pro hac vice)
Robert J. Feinstein (pro hac vice)
Teddy M. Kapur (pro hac vice)
Steven W. Golden (pro hac vice)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003
T: (310) 277-6910 /F: (310) 201-0760
rpachulski@pszjlaw.com
ikharasch@pszjlaw.com
rfeinstein@pszjlaw.com
tkapur@pszjlaw.com
sgolden@pszjlaw.com

*Counsel to Monster Energy Company*

***AND***

**FENDER, BOLLING AND PAIVA, P.A.**

*/s/ G. Steven Fender*
G. Steven Fender, Esq.
Fla. Bar No. 060992

---

[2]  Michael I. Goldberg hereby certifies that the undersigned attorneys are appearing pro hac vice in this matter pursuant to court orders in the main case, Case No. 22-17842-PDR, dated as follows: (i) Teddy M. Kapur, October 14, 2022 [ECF No. 103]; (ii) Robert J. Feinstein, October 17, 2022  [ECF No. 133]; (iii) Steven Golden, October 17, 2022 [ECF No. 134]; (iv) Richard M. Pachulski, October 18, 2022 [ECF No. 158] ; and (v) Ira D. Kharasch, October 18, 2022 [ECF No. 159].

P.O. Box 1545
Ft. Lauderdale, FL 33302
T: (407) 810-2458
steven.fender@fender-law.com

-and-

**KTBS LAW LLP[3]**
Thomas E. Patterson, Esq. (pro hac vice)
Nir Maoz (pro hac vice)
1801 Century Park East
Twenty Sixth Floor
Los Angeles, CA 90067
T: (310) 407-4000
F: (310) 407-9090
tpatterson@ktbslaw.com
nmaoz@ktbslaw.com

*Counsel to Orange Bang, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the forgoing was served via CM/ECF Notice of Electronic Filings to all parties registered to receive electronic noticing in this case on March 23, 2023.

By: *s/ Michael I. Goldberg*
Michael I. Goldberg, Esq.

---

[3] G. Steven Fender hereby certifies that the undersigned attorneys are appearing pro hac vice in this matter pursuant to court orders in the main case, Case No. 22-17842-PDR, dated as follows: (i) Thomas E. Patterson, November 8, 2022 [ECF No. 269]; (ii) Nir Maoz, November 8, 2022 [ECF No. 270].

69426993;1